IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDRICK LADON MCCARTY,
a/k/a EDRICK LADON CASH,

        Plaintiff,

vs.                                              Case No. 21-3082-SAC

DAVID TIMS, DAVE MOSCOSO
and LESA VAN HORN,

        Defendants.

**O R D E R**

This case is before the court for the purpose of screening plaintiff's amended complaint and ruling upon plaintiff's pending motions. The court applies the screening standards set forth in the court's prior screening order. Doc. No. 14, pp. 1-3.

I. Amended complaint

Plaintiff filed the original complaint on March 18, 2021. The allegations in that complaint and the amended complaint arise from plaintiff's incarceration at the Larned State Hospital or Larned Correctional Mental Health Facility. Plaintiff's allegations indicate that plaintiff was not housed at Larned after 2017. Doc. No. 1, p. 2 (referring to confinement there from May 23, 2006 to July 20, 2017); Doc. No. 14, p. 8 (referring to plaintiff's entire time there from 2006 to 2017).

1

The amended complaint raises claims against three persons, David Tims, Dave Moscoso and Lesa Van Horn, who are identified as a psychologist, a psychiatrist and a social worker employed at Larned while plaintiff was confined there. The amended complaint claims that plaintiff's Eighth and Fourteenth Amendment rights have been violated and, therefore, a recovery is justified under 42 U.S.C. § 1983.

III. <u>The amended complaint fails to state a plausible claim for relief.</u>

The amended complaint fails to state a plausible claim for relief for the following reasons. First, plaintiff's claims appear to be untimely. As the court noted in the first screening order, there is a two-year statute of limitations period for § 1983 claims. Doc. No. 14, pp. 4-5. Plaintiff's allegations indicate that defendants have taken no action relating to plaintiff since 2017. In a § 1983 action arising in Kansas, such as this case, the court borrows Kansas tolling principles. <u>Fratus v. DeLand</u>, 49 F.3d 673, 675 (10th Cir. 1995). In Kansas, the doctrine of equitable tolling applies only where defendants did "something that amounted to an 'affirmative inducement to plaintiff to delay bringing the action.'" <u>Friends University v. W.R. Grace & Co.</u>, 608 P.2d 936, 941 (Kan. 1980)(quoting <u>Rex v. Warner</u>, 183 Kan. 763, 771, 332 P.2d 572 (Kan. 1958)); see also <u>Wille v. Davis</u>, 650 Fed.Appx. 627, 631 (10th Cir. 2016)("There must be some actual artifice" or "some

2

affirmative act of concealment" or "some misrepresentation to exclude suspicion")(quoting Friends). Plaintiff's allegations do not support equitable tolling. He states that he did not have access to a law library at Larned and makes the overly broad assertion that the court can act to avoid injustice. These allegations do not describe an inducement to delay, artifice, concealment or misrepresentation by defendants.

The amended complaint also is subject to dismissal because plaintiff does not allege facts plausibly showing that any defendant acted with deliberate indifference to a substantial risk to plaintiff's health or safety. To state an Eighth Amendment claim for an unconstitutional denial of medical care, plaintiff must allege omissions or acts which are sufficiently harmful to suggest deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 105 (1976). This standard has an objective and a subjective component. Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005)(quoting Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)).

The subjective part of the deliberate indifference test "requires the plaintiff to present evidence" that an official "'knows of and disregards an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference.'" Id.,

3

quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994). The Court in Farmer "analogized [the deliberate indifference] standard to criminal recklessness, which makes a person liable when she consciously disregards a substantial risk of serious harm." Id. at 752. This may be demonstrated with circumstantial evidence. Id.

Plaintiff does not allege facts showing that the three defendants knew of and disregarded an excessive risk to plaintiff's health as they took actions relating to plaintiff's mental health treatment and evaluation at Larned. Plaintiff only asserts generally that the three defendants participated in the misdiagnosis of plaintiff and in prescribing medication which caused or could have caused glaucoma and other detrimental side effects. "The subjective component is not satisfied where the plaintiff simply complains of an 'inadvertent failure to provide adequate care, negligent misdiagnosis, or ... difference of opinion with medical personnel regarding diagnosis or treatment.'" Jensen v. Garden, 752 Fed.Appx. 620, 624 (10th Cir. 2018)(quoting Clemmons v. Bohannon, 956 F.2d 1523, 1529 (10th Cir. 1992); see also Self v. Crum, 439 F.3d 1227, 1232 (10th Cir. 2006) (noting that, "absent an extraordinary degree of neglect," the subjective component is not satisfied where a doctor exercises his or her "considered medical judgment").

Finally, plaintiff also fails to state a plausible claim for a Fourteenth Amendment violation. The Fourteenth Amendment

4

prohibits states from depriving persons of life, liberty or property without due process of law and from denying persons the equal protection of the laws. Plaintiff does not allege facts demonstrating that defendants took actions which deprived plaintiff of his property. Furthermore, as a convicted felon, plaintiff in general does not have a liberty interest in conditions of confinement which do not otherwise violate the Constitution. See Meachum v. Fano, 427 U.S. 215, 224 (1976); Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000)("there is no federal constitutional right to incarceration in any particular prison or portion of a prison").

State action can be so arbitrary and oppressive as to violate "substantive due process." See Seegmiller v. LaVerkin City, 528 F.3d 762, 767 (10th Cir. 2008). "[S]ubstantive due process prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty." United States v. Salerno, 481 U.S. 739, 746 (1987)(interior quotations and citations omitted). Here, however, plaintiff's allegations do not assert the impingement of a fundamental right or governmental conduct which shocks the conscience. Therefore, the court finds that plaintiff has not alleged facts describing a plausible due process violation.

To allege an equal protection violation, plaintiff must state facts indicating that defendants treated him differently than

5

other similarly situated individuals.  See City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985).  Plaintiff does not allege that he was treated differently on the basis of class membership.  To the contrary, plaintiff suggests that he was treated similarly to eighty-nine other inmates in his ward.

III. Conclusion

The amended complaint fails to state a plausible claim for relief and the court is convinced that further efforts to amend plaintiff's allegations would prove futile.  Therefore, the court shall direct that plaintiff's action be dismissed.  This action renders plaintiff's motion for issuance of summons and motion for default judgment (Doc. Nos. 30 and 31) moot.

**IT IS SO ORDERED.**

Dated this 21st day of June 2021, at Topeka, Kansas.


s/Sam A. Crow_____
U.S. District Senior Judge